UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
JASON PAUL WOLFE,  : CASE NO. 1:17-CV-595
 : 
         Plaintiff, : 
 : 
vs. : OPINION & ORDER
 : 
GARY MOHR, *et al.*, : 
 : 
 : 
         Defendants. : 
 : 
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Jason Paul Wolfe, has filed a complaint pursuant to "42 U.S.C. §§ 1983, 85, 86, and 88" against multiple Ohio prison officials and employees and medical staff. (Doc. No. 1.) With his complaint, he filed a motion for leave to proceed *in forma pauperis*, which has been granted by separate order, and motions for leave to attach copies of summons and complaints (Doc. No. 3) and for appointment of counsel (Doc. No. 4). For the reasons stated below, the plaintiff's complaint is dismissed and his remaining pending motions are denied.

**Allegations**

Plaintiff alleges he is an Ohio prisoner incarcerated in the Lake Erie Correctional Institution, serving an eighteen year sentence for aggravated robbery and receiving stolen property. He contends the defendant prison officials, employees and various medical staff have "conspired together" to deprive him of constitutional rights. (Doc. No. 1 at 2.) Although his allegations are disjointed and unclear, he contends he was improperly placed on suicide

prevention protocol while incarcerated at the Marion Correctional Institution rather than being properly treated for complaints of abdominal pain. The alleged basis for his action is that "[p]eople acting under color of law" took him to an outside hospital (Marion General Hospital) for medical attention ostensibly for complaints of abdominal pain, but defrauded him into signing medical consent forms and then injected him with "caustic chemicals, used to kill animals and [for] death penalty type of treatments" as well as "other substances," such as "naturally occur[r]ing biological weapons." (*Id*. at ¶ 66.) He contends this was done, and he was injected with these substances, maliciously and intentionally to cause him serious and irreparable harm and deprive him of life. (*Id*. at ¶ 22.) He further alleges that defendants "[f]alsified documentation to the BUREAU OF CRIMINAL INVESTIGATIONS" to make it appear "as if [he were] dead, and as if it happened by self inflicted hanging." (*Id*. at ¶ 66.) He alleges that after he was injected with caustic chemicals, he was taken back into the care of the Ohio Department of Rehabilitation and Correction, transferred "through two facilities off the record, though [he] was listed as dead and in state agencies['] files and records," and that "[n]obody did any thing to help [him]," but instead, "took active steps to conceal and cover up what had occur[r]ed." (*Id*.)

Asserting constitutional and other violations, plaintiff seeks damages and various declaratory and injunctive relief.

**Law and Analysis**

When a plaintiff is proceeding without the assistance of counsel, the court is required to construe his complaint indulgently and hold it to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d

708, 715 (6th Cir. 1999). Nonetheless, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal district courts are required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and actions in which prisoners seek redress from governmental officials or employees, and to dismiss any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. In other words, dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").

Upon review, the Court finds that plaintiff's complaint – premised on allegations that he was defrauded into signing medical consent forms so that he could be injected with caustic euthanasia drugs, and that public and medical records were falsified to indicate he was dead as a result of a self-inflicted hanging – falls within the realm of frivolousness. *See, e.g., Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint

alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that prison officials surgically implanted transmission devices into plaintiff's neck).

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. His remaining pending motions are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 11, 2017    *s/    James S. Gwin*
　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE